IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELSA ANCHONDO, on behalf of herself and
all others similarly situated,

       Plaintiff,

vs.                                          No. CIV 08-0202 RB/LCS

ANDERSON, CRENSHAW & ASSOCIATES,
L.L.C.,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's Motion to Dismiss Defendant's Counterclaim for Declaratory Judgment, filed on April 21, 2008. Jurisdiction is founded upon 28 U.S.C. § 1331. Having considered the submissions of the parties, relevant law, and being otherwise fully advised, Plaintiff's Motion to Dismiss Defendant's Counterclaim for Declaratory Judgment is **GRANTED**.

**I.    Background.**

Plaintiff Elsa Anchondo purchased a home alarm system from APX Alarm Security Solutions, Inc. (hereinafter "APX Alarm"). Because the alarm system allegedly did not work properly, Ms. Anchondo refused to pay the monthly service fees demanded by APX Alarm. Defendant Anderson, Crenshaw & Associates (hereinafter "ACA"), a debt collector, was retained by APX Alarm to collect the alleged debt from Ms. Anchondo.

On December 15, 2007 and December 26, 2007, ACA had a service place a telephone call to Ms. Anchondo. Plaintiff did not answer the telephone and Defendant left the following message on Ms. Anchondo's answering machine:

"Hello. This message is for Elsa Anchondo. This is not a sales call. You have an important

>matter with our company that deserves your immediate attention.  Please call me back as soon as possible at the following number: 866-400-3550.  When returning this call, please refer to reference number 423635.  If you wish to speak to someone now regarding your account, press zero. Thank you.

ACA did not identify itself or state that the communication was an attempt to collect a debt.  Ms. Anchondo did not respond to the message.

On February 26, 2008, Ms. Anchondo filed this lawsuit as a class action, alleging violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") and the New Mexico Unfair Practices Act (hereinafter "UPA").  On March 31, 2008, ACA filed its Answer, Counterclaim for Declaratory Judgment, and Notice of Constitutional Challenge to the FDCPA.  On April 21, 2008, Ms. Anchondo filed her Answer and Motion to Dismiss Defendant's Counterclaim for Declaratory Judgment.

**II.     The Declaratory Judgment Act.**

The Declaratory Judgment Act provides "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. Although this statute vests the Court with authority to issue a declaration of rights, it also provides the Court with discretion as to whether this power should be exercised in a particular case. *St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995).  Indeed, the Supreme Court has made clear that the Declaratory Judgment Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112 (1962).

The Tenth Circuit Court of Appeals has instructed this Court to weigh various factors to determine whether or not to hear a declaratory judgment action, including: "(1) whether a

declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction, and (5) whether there is an alternative remedy which is better or more effective." *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

**III.   Discussion.**

Defendant's Counterclaim for Declaratory Judgment seeks (1) a declaration from the Court that the answering machine message at issue is not a "communication" as that term is defined by the FDCPA, (2) a declaration from the Court that provisions of the FDCPA, specifically 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692e(11), violate the Due Process Clause of the Fifth Amendment because of vagueness and internal inconsistency, and (3) a declaration from the Court that 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692e(11) violate Defendant's First Amendment right of commercial free speech. Defendant's counterclaim, however, merely lists his defenses to the class action lawsuit filed by Ms. Anchondo. Defendant's Counterclaim for Declaratory Judgment appears to be merely a procedural tactic to provide a quick avenue to *res judicata*, and the alternative avenue available in a prospective motion for summary judgment is a more appropriate procedural mechanism for ACA to seek the relief it is requesting. *See Mhoon*, 31 F.3d at 983. Furthermore, a final judgment on Defendant's counterclaims, at this stage of the proceedings, would unnecessarily complicate this lawsuit. This Court, therefore, refuses to exercise its authority to issue declaratory judgment and dismisses Defendant's Counterclaim for Declaratory Judgment. Moving forward, the Court will interpret Defendant's claims encompassed in its Counterclaim for Declaratory Judgment as defenses to liability incorporated within Defendant's Answer.

**IV.     Conclusion.**

The Court finds that exercising its authority to issue declaratory judgment would be inappropriate. Defendant's Counterclaim for Declaratory Judgment, therefore, must be dismissed.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Dismiss Defendant's Counterclaim is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**