IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ELSA ANCHONDO, on behalf of herself and
all others similarly situated,**

      **Plaintiff,**

vs.                                                                              No. CIV 08-0202 RB/LCS

**ANDERSON, CRENSHAW & ASSOCIATES,
L.L.C.,**

      **Defendant.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motion to Dismiss, pursuant to Rule 12(b)(6) and Rule 12(c), filed on June 12, 2008. Jurisdiction is founded upon 28 U.S.C. § 1331. Having considered the submissions of the parties, relevant law, and being otherwise fully advised, Defendant's Motion to Dismiss is **DENIED**.

**I.**    **Background.**

Plaintiff Elsa Anchondo purchased a home alarm system from APX Alarm Security Solutions, Inc. (hereinafter "APX Alarm"). Because the alarm system allegedly did not work properly, Ms. Anchondo refused to pay the monthly service fees demanded by APX Alarm. Defendant Anderson, Crenshaw & Associates (hereinafter "ACA"), a debt collector, was retained by APX Alarm to collect the alleged debt from Ms. Anchondo.

On December 15, 2007 and December 26, 2007, ACA had a service place a telephone call to Ms. Anchondo. Plaintiff did not answer the telephone and Defendant left the following message on Ms. Anchondo's answering machine:

> "Hello. This message is for Elsa Anchondo. This is not a sales call. You have an important matter with our company that deserves your immediate attention. Please call me back as soon as possible at the following number: 866-400-3550. When returning this call, please

>refer to reference number 423635. If you wish to speak to someone now regarding your account, press zero. Thank you.

ACA did not identify itself or state that the communication was an attempt to collect a debt. Ms. Anchondo did not respond to the message.

On February 26, 2008, Ms. Anchondo filed this lawsuit as a class action, alleging violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") and the New Mexico Unfair Practices Act (hereinafter "UPA"). On June 12, 2008, Defendant filed its Motion to Dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), and in the alternative, its Motion for Judgment on the Pleadings, pursuant to Rule 12(c).

**II. Discussion.**

    **A. Rule 12(b)(6) Motion.**

A claim for relief may be dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). This Court, for purposes of analyzing a motion to dismiss, pursuant to Rule 12(b)(6), must accept all of the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the Plaintiff. *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). The Court must also look for plausibility in the complaint; in other words, the complaint must include factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted for the following reasons: (1) the voicemail message at issue was not a "communication," as defined by the FDCPA; (2) the FDCPA is unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment, and (3) the FDCPA unreasonably burdens Defendant's exercise of commercial speech protected under the First Amendment. Plaintiff, however, is only obligated to

make minimal factual allegations demonstrating that there are legal grounds upon which a claim for relief may be based. *See Twombly*, 127 S.Ct. at 1964-65. In this case, Plaintiff has presented sufficient allegations to make a prima facie case that ACA, a debt collector, violated her rights, under the FDCPA, by failing to identify itself or state that the voicemail message was left on her answering machine as an attempt to collect a debt. *See* 15 U.S.C. § 1692e(11). Because the Court assumes Plaintiff's allegations are true, Defendant's defenses to liability, including ACA's constitutional arguments, have no bearing as to whether Plaintiff has made sufficient factual allegations to state a claim upon which relief can be granted. *See David*, 101 F.3d at 1352. Furthermore, because genuine issues of material fact remain, Defendant's Rule 12(b)(6) motion will not be treated as one for summary judgment, pursuant to Rule 56. *See Munoz v. St. Mary Kirwan Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000). Defendant's Motion to Dismiss, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted, therefore, must be denied.

**B. Rule 12(c) Motion.**

A motion for judgment on the pleadings, pursuant to Rule 12(c), is reviewed under the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). *Aspenwood Inv. Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004). Judgment on the pleadings should be granted only if it appears beyond doubt that the nonmoving party cannot prove any set of facts that would entitle her to relief. *See Twombly*, 127 S.Ct. at 1978 fn. 5 (noting that judgment on the pleadings should be granted only if no factual development could possibly justify recovery).

In this case, Plaintiff has alleged that she is entitled to relief because ACA violated her rights, as guaranteed by the FDCPA. The FDCPA restricts what debt collectors may say and do when attempting to contact consumers who allegedly owe debts. Most of the provisions of the FDCPA

3

target harassing or abusive tactics by debt collectors, such as the publicizing of debts to employers and other associates, the making of false and misleading representations, and various other practices Congress has deemed to be unfair.

Under the FDCPA, debt collectors may not place telephone calls in connection with the collection of a debt without a meaningful disclosure of their identity. The statute specifically requires that, during its initial written or oral communication with a consumer, a debt collector must "disclose ... that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11). Subsequent communications must also include a statement that the communication is from a debt collector. *Id.* Pursuant to the FDCPA, "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b).

The FDCPA broadly defines "communication" as "the conveying of information *regarding* a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2) (emphasis added). The Tenth Circuit Court of Appeals has held that the FDCPA should be construed liberally in favor of the consumer. *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002). Furthermore, Congress passed the FDCPA to provide consumer protection and "the disclosure requirement is designed to protect such consumers as may not have the sophistication to appreciate the significance of debt collection communications." *Dikeman v. National Educators, Inc.*, 81 F.3d 949, 954 (10th Cir. 1996).

Because the voicemail message left on behalf of the Defendant did not include the disclosures required by the FDCPA, Plaintiff would be entitled to relief, pursuant to the FDCPA,

if she can prove that the voicemail was a communication regarding a debt. *See* 15 U.S.C. §§ 1692a(2), 1692e(11). At this stage of the proceedings, the record is insufficient for the Court to make a final determination as to whether the voicemail message at issue in this case was a communication regarding a debt. The voicemail message conveyed information regarding "an important matter" pertaining to "reference number 423635" and Ms. Anchondo's "account," but without additional evidence, the Court cannot affirmatively determine whether the information conveyed in the voicemail message was in reference to a debt or something else (Docs. 1, 3). If the reference number or the account in question pertained to a debt, then the voicemail message was a "communication" subject to the disclosure requirements of the FDCPA. *See* 15 U.S.C. §§ 1692a(2), 1692e(11). If the reference number and the account in question pertained to something else, then the voicemail message was not a "communication," as defined by the FDCPA. *See* 15 U.S.C. §§ 1692a(2). The Court refuses to speculate on the issue. Nevertheless, because the Plaintiff could provide evidence that would entitle her to relief under the FDCPA, i.e., that the reference number or the account in question pertain to a debt ACA was attempting to collect, Defendant's Motion for Judgment on the Pleadings must be denied.

Because Defendant's constitutional arguments require a threshold finding that the voicemail message at issue was a "communication" subject to the disclosure requirements of the FDCPA, these constitutional issues are not ripe for consideration at this stage of the litigation. *See United Public Workers v. Mitchell*, 330 U.S. 75, 90 fn. 22 (1947) (noting the Court's practice not to decide any constitutional question without an adequate factual basis).

**IV.    Conclusion.**

Ms. Anchondo has stated a claim upon which relief can be granted and can prove a set of facts that would entitle her to relief under the FDCPA. Defendant's Motion to Dismiss, therefore,

must be denied.[1]

**WHEREFORE,**

    **IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED**.

                                                                       _____
                                                                  **ROBERT C. BRACK**
                                                                  **UNITED STATES DISTRICT JUDGE**

---

[1]This Memorandum Opinion and Order renders Plaintiff's Motions for Leave to File Statements of Additional Authority moot. Plaintiff, of course, is at liberty to reference any applicable authority in support of her arguments on future motions.