## Requests for Admission

Request No. 1.    Beginning February 26, 2007, through the present, ACA, or a service hired by ACA, left the Voicemail Message for at least 50 persons at telephone numbers with area codes 505 or 575.

Response:   Defendant is without information or knowledge to admit or deny this request. Defendant made a reasonable inquiry but the information known or easily obtainable is insufficient to enable Defendant to admit or deny.

Request No. 2.    Beginning February 26, 2007, through the present, ACA, or a service hired by ACA, left the Voicemail Message for at least 200 persons at telephone numbers with area codes 505 or 575.

Response:   Defendant is without information or knowledge to admit or deny this request. Defendant made a reasonable inquiry but the information known or easily obtainable is insufficient to enable Defendant to admit or deny.

Request No. 3.    Beginning February 26, 2007, through the present, ACA, or a service hired by ACA, left the Voicemail Message for at least 500 persons at telephone numbers with area codes 505 or 575.

Response:   Defendant is without information or knowledge to admit or deny this request. Defendant made a reasonable inquiry but the information known or easily obtainable is insufficient to enable Defendant to admit or deny.

Request No. 4.    Beginning February 26, 2007, through the present, ACA, or a service hired by ACA, left the Voicemail Message for at least 1,000 persons at telephone numbers with area codes 505 or 575.

Response:   Defendant is without information or knowledge to admit or deny this request. Defendant made a reasonable inquiry but the information known or easily obtainable is insufficient to enable Defendant to admit or deny.

Request No. 5.    As of December 1, 2008, ACA, or a service hired by ACA, is still leaving the Voicemail Message at telephone numbers with area codes 505 or 575.

Response:    Denied.

Interrogatory Response:    The voicemail message at issue is not being left with any telephone numbers with area codes 505 or 575.

Request No. 6.    "Reference number 423635", as stated in the Voicemail Messages left for Ms. Anchondo, concerns an account associated with Ms. Anchondo that was originated by APX Alarm Security Solutions, Inc.

Response:     Admit.

Request No. 7.     "Your account", as stated in the Voicemail Messages left for Ms. Anchondo, concerns an account associated with Ms. Anchondo that was originated by APX Alarm Security Solutions, Inc.

Response:     Admit.

Request No. 8.     The Voicemail Messages left for Ms. Anchondo concerned a debt account associated with Ms. Anchondo that was originated by APX Alarm Security Solutions, Inc.

Response:     Admit.

Request No. 9.     At the time of the Voicemail Messages left for Ms. Anchondo, ACA did not own the account associated with Ms. Anchondo that was originated by APX Alarm Security Solutions, Inc.

Response:     Admit.

Request No. 10.     As of December 1, 2008, ACA did not own the account associated with Ms. Anchondo that was originated by APX Alarm Security Solutions, Inc.

Response:     Admit.

Request No. 11.     In the Voicemail Messages left for Ms. Anchondo, the speaker did not identify ACA as the caller.

Response:     Admit.

Request No. 12.     In the Voicemail Messages left for Ms. Anchondo, the speaker did not state that the call was from a debt collector.

Response:     Admit.

## INTERROGATORIES

Interrogatory No. 1.  Identify each person contributing information to and answering each of these interrogatories and requests for production, and state to which request(s) each person contributed.

Response:   Thomas Backal, CEO
            Anderson, Crenshaw & Associates, L.L.C.
            12801 North Central Expressway, Suite 250
            Dallas, Texas 75243
            800. 400.4500


Interrogatory No. 2.  If ACA denies any of the above Requests for Admission, explain in detail the reason for the denial, describe each and every document that supports the basis for the denial and identify each and every witness that may provide testimony that supports the basis for the denial.

Response:   Defendant objects to this interrogatory in that as worded, it invades the attorney client privilege and attorney work product. Defendant further objects to this interrogatory in that it requires Defendant to disclose confidential, proprietary and trade secret information of Defendant. Defendant has developed policies, and procedures and a training and retention program for its employees and has spent a considerable amount of time and expense into such program. As such, Defendant has a reasonable expectation of privacy in its tools of the trade and Plaintiff's interrogatory seeks to violate this right. Subject to all objections, explanations for denials are listed after each request.

Interrogatory No. 3.  State the name, title and job description of each officer, director, partner, shareholder and/or employee of ACA who was involved in creating, editing, approving or authorizing the voicemail message and describe each person's involvement.

Response:   Defendant objects to this interrogatory in that it seeks information which is irrelevant and immaterial and is not calculated to lead to the discovery of admissible evidence. Subject to all objections, Thomas Backal, CEO, approved the voicemail message.

Interrogatory No. 4.  Identify each ACA employee involved in any activity that resulted in the voicemail message left for Ms. Anchondo and state the role of each employee. For each employee, state the employee's position and immediate supervisor at the time of the activity.

Response:   Defendant objects to this interrogatory in that it is vague and ambiguous such that Defendant cannot respond in good faith to same. Defendant cannot ascertain the application of the phrase "involved in the activity that resulted in the voicemail message" since this phrase is not defined and is subject to unfair interpretation by Defendant. No employees of Defendant had any direct contact with Plaintiff.

Interrogatory No. 5. State the number of persons at telephone numbers with area codes 505 or 575 for which ACA or a service hired by ACA, left the voicemail message, during the time period beginning February 26, 2007, through the present.

Response: Defendant objects to this interrogatory in that it seeks information with is irrelevant and immaterial and is not calculated to lead to the discovery of admissible evidence. This interrogatory is also objectionable in that it violates the Federal Fair Debt Collection Practices Act because it could require the disclosure of information regarding other unrelated third party debts and the identification of debtors which if disclosed, could result in liability for Defendant. For further, answer, Defendant is attempting to ascertain the number of persons in said area codes and will supplement this interrogatory answer.

Interrogatory No. 6. State the names and full addresses of all persons at telephone numbers with area codes 505 or 575 for which ACA, or a service hired by ACA, left the voicemail message, during the time period beginning February 26, 2007, through the present.

Response: Defendant objects to this interrogatory in that is too broad, global and overreaching and seeks to exert an undue burden on Defendant. This interrogatory is also objectionable in that it violates the Federal Fair Debt Collection Practices Act because it could require the disclosure of information regarding other unrelated third party debts and the identification of debtors which if disclosed, could result in liability for Defendant..

Interrogatory No. 7. Concerning the phrase "reference number 423635" as stated in the voicemail message left for Ms. Anchondo, describe the nature of the account associated with this reference number, or associated with this reference number at the time that the voicemail messages were left for Ms. Anchondo, and state:

      a.    the identity of the original creditor for this account;
      b.    the nature of the goods or services that caused this account to be originated;
      c.    the amount that ACA was claimed towards this account at the time that the voicemail messages were left for Ms. Anchondo; and
      d.    the amount that ACA claims was owed towards this account as of December 1, 2008.

Response: Defendant believes the account was owned by APX Alarm. Defendant further believes that Plaintiff entered into a written contract with APX Alarm for alarm monitoring service, from which an outstanding balance of $923.79 remains outstanding.

Interrogatory No. 8. Concerning the phrase "your account", as stated in the voicemail messages left for Ms. Anchondo, describe the nature of the account associated with this phrase, or associated with this phrase at the time that the voicemail messages were left for Ms. Anchondo, and state:

      a.    the identity of the original creditor for this account;
      b.    the nature of the goods or services that caused this account to be originated;

    c.      the amount that ACA claims was owed towards this account at the time that the voicemail messages were left for Ms. Anchondo; and

    d.      the amount that ACA claims was owed towards this account as of December 1, 2008.

Response:   Defendant believes the account was owned by APX Alarm. Defendant further believes that Plaintiff entered into a written contract with APX Alarm for alarm monitoring service, from which an outstanding balance of $923.79 remains.

Interrogatory No. 9.   Identify every creditor that originated the alleged debts with which ACA, or a service hired by ACA, left the voicemail message, during the time period beginning February 26, 2007, through the present. For each creditor, state the number of persons at telephone numbers with area codes 505 or 575 who received the voicemail message, from ACA, or a service hired by ACA, during the time period beginning February 26, 2007, through the present.

Response:   Defendant objects to this interrogatory in that it seeks confidential and privileged information between Defendant and its clients. Defendant further objects to this interrogatory in that it seeks information which constitutes proprietary and confidential information regarding Defendant and its customer and clients. Defendant has a reasonable expectation of privacy in its documents, information and contracts. This interrogatory is also objectionable in that it violates the Federal Fair Debt Collection Practices Act because it could require the disclosure of information regarding other unrelated third party debts and the identification of debtors. Defendant further objects to this interrogatory in that it requests information which is irrelevant and immaterial and is not calculated to lead to the discovery of admissible evidence.

Interrogatory No. 10.   Identify (by stating the full legal name of the company and its full street address) every company hired or contracted by ACA that left the Voicemail Message on ACA's behalf or at its direction, during the time period beginning February 26, 2007, through the present. For each company, state the number of person at telephone numbers with area codes 505 or 575 who received The Voicemail Message, from the company, on ACA's behalf, or at its direction, during the time period beginning February 26, 2007, through the present.

Response:   Defendant objects to this interrogatory in that it seeks confidential and privileged information between Defendant and its clients. Defendant further objects to this interrogatory in that it seeks information which constitutes proprietary and confidential information regarding Defendant and its customer and clients. Defendant has a reasonable expectation of privacy in its documents, information and contracts. This interrogatory is also objectionable in that it violates the Federal Fair Debt Collection Practices Act because it could require the disclosure of information regarding other unrelated third party debts and the identification of debtors which if disclosed, could result in liability for Defendant..

Interrogatory No. 11.   For each communication between ACA and the company hired by ACA that left the Voicemail Messages for Ms. Anchondo, where the communication concerned Ms. Anchondo, this lawsuit or the account associated with Ms. Anchondo that was originated by APX Alarm Security Solutions, Inc.:

Response: The account was owned by APX Alarm and Defendant maintains a written contract with APX Alarm. The account was assigned for collection to Defendant by APX Alarm.

Interrogatory No. 14. Describe the relationship between ACA and APX Alarm Security Solutions, Inc. regarding the collection of Ms. Anchondo's account and identify all documents pertaining to this relationship.

Response: APX Alarm Security Solutions, Inc. is a client of Defendant. Defendant maintains a written contract with APX Alarm.

Interrogatory No. 15. For each communication between ACA and APX Alarm Security Solutions, Inc. regarding Ms. Anchondo, this lawsuit or the account associated with Ms. Anchondo that was originated by APX Alarm Security Solutions, Inc.:

   a. state the form of communication, *e.g.* letter, telephone call, etc.;
   b. describe the content of this communication;
   c. state the person who initiated the communication and the company for which the person worked at that time;
   d. state the person who received the communication and the company for which the person worked at that time; and
   e. state the date of the communication.

Response: Defendant objects to this interrogatory in that it seeks confidential and privileged information between Defendant and the original creditor on the alleged account. Defendant further objects to this interrogatory in that it seeks information which constitutes proprietary and confidential information regarding Defendant and its customer and clients. Defendant has a reasonable expectation of privacy in its documents, information and contracts. For further answer, Defendant received information regarding the debt from its client. APX Alarm electronically sends the information regarding the debtor, including the debtor's address and amount due to Defendant for processing and collection.

Interrogatory No. 16. Describe in detail all procedures maintained by ACA to avoid the violations of the FDCPA set forth in the complaint (limited to procedures in place during the Class Period), included but not limited to:

   a. ACA's policies and procedures for identifying itself as the caller in telephone messages it leaves or caused to left with debtors; and
   b. ACA's policies and procedures for stating that the message is from a debt collector in telephone messages it leaves or causes to be left with debtors.

Response: Defendant objects to this interrogatory in that it seeks proprietary and confidential information regarding Defendant and Defendant's employees and business practices. Plaintiff's request seeks trade secret information developed by defendant for its internal use and Defendant has taken numerous steps to develop and protect such trade secret information. Defendant has a

reasonable expectation of privacy over its corporate documents and Defendant does not make available to the public copies of the document requested by Plaintiff. Subject to all objections, Defendant maintains a Training Manual (Confidential Information), Employee Manual (Confidential Information) and ACA Playbook, (Confidential Information) which has additional training information as well as policies and procedures with which all employees are required to be familiar. Defendant requires its employees to undergo classroom training under an employee dedicated solely to training. The employees are required to pass a test on the FDCPA and Defendant's policies and procedures before having any contact with debtors. New collectors are assigned to experienced collectors to monitor their communications.

Interrogatory No. 17. Describe in detail ACA's procedures for determining whether telephone messages it leaves for consumer debtors (or for determining whether telephone messages that are left for consumer debtors by companies other than ACA that include ACA's telephone number as the call back number) comply with the FDCPA (limited to procedures in place during the Class Period).

Response:  Defendant objects to this interrogatory in that it seeks proprietary and confidential information regarding Defendant and Defendant's employees and business practices. Plaintiff's interrogatory seeks trade secret information developed by Defendant for its internal use and Defendant has taken numerous steps to develop and protect such trade secret information. Defendant has a reasonable expectation of privacy over its corporate documents and Defendant does not make available to the public copies of the document requested by Plaintiff. Defendant has received information from the ACA International, the Association of Credit and Collection Professionals pertaining to telephone messages and consults with attorneys regarding telephone messages.

Interrogatory No. 18. Describe all legal research performed by ACA or its attorneys, or by outside attorneys at ACA's request or direction, that concerns whether telephone messages that ACA leaves for consumer debtors (or concerns whether telephone messages that are left for consumer debtors by companies other that ACA that include ACA's telephone number as the call back number) comply with the FDCPA. Identify each attorney involved in this research.

Response:  Defendant objects to this interrogatory in that it violates the attorney work product exemption from discovery by inquiring into action Defendant's attorney may have undertaken into the investigation of Plaintiff's claim. Defendant further objects to this interrogatory in that it invades the attorney client privilege.

Interrogatory No. 19. State (by name, date, location and sponsoring organization) all conferences, training sessions or industry forums in which any employee, owner or officer of ACA has attended since January 1, 2007, in which any portion of the conference, training session or industry forum concerned leaving telephone messages for consumer debtors. For each conference, training session or industry forum in which any portion of the presented material concerned leaving telephone messages for consumer debtors, identify all documents that concern this subject. For each conference, training session or industry forum, state:

    a.    the identities of all employees, owners or officers who attended; and

    b.    the person(s) who presented the portion of the conference, training session or industry forum that concerned leaving telephone messages for consumer debtors.

Response: Defendant objects to this interrogatory in that it seeks information and documents which are irrelevant and immaterial and not calculated to lead to the discovery of admissible evidence. Furthermore, Defendant objects to this interrogatory in that it seeks proprietary and confidential information regarding Defendant and Defendant's employees and business practices. Defendant has taken numerous steps to develop and protect its training procedures of which continued education is a part. Subject to all objections, Thomas Backal, Defendant's CEO has attended seminars and conventions presented by the ACA International, the Association of Credit and Collection Professionals.

Interrogatory No. 20. Identify all other lawsuits and claims to government agencies (*e.g.* the Federal Trade Commission or state attorney general offices), brought against ACA in the last five years, in which the complaint alleged unlawful conduct or violations of the FDCPA concerning telephone messages left for the alleged debtor. For each claim, state the name of all persons who brought the claim. For each civil action, state the full caption, identify the court, the docket number and the names and addresses of opposing attorneys.

Response: Defendant objects to this interrogatory in that it seeks documents which are irrelevant and immaterial and are not calculated to lead to the discovery of admissible evidence. This interrogatory is also objectionable in that it violates the Federal Fair Debt Collection Practices Act because is could require the disclosure of information regarding other unrelated third party debts and the identification of debtors. This interrogatory is further objectionable in that it is meant to oppress and harass Defendant. Plaintiff's lawsuit must stand or fall on its own merits and even if any such complaints existed, such would be inadmissible and would not be calculated to lead to the discovery of admissible evidence. Subject to all objections, Defendant does not believe any other lawsuit has been brought involving alleged violations of the FDCPA concerning telephone messages.

Interrogatory No. 21. State all facts upon which ACA relies in support of each of its affirmative defenses, identify every witness with knowledge of the facts who could support that affirmative defense and describe each document that shows facts that could support the affirmative defense.

Response: Defendant believes that it is in full compliance with all applicable laws and as stated in its answer, Defendant is not liable for any actions of its agents or employees committed outside of the line and scope of their employment. Defendant has not yet determined who will be called as witnesses, but will timely supplement this information.

Interrogatory No. 22. Identify all witnesses from whom ACA may offer testimony in any proceeding, including but not limited to, any class certification proceeding, in this lawsuit. For each witness, state the nature of the testimony from the witness.

Response: Defendant has not yet determined who will be called to testify, but will timely supplement this information.

## REQUESTS FOR PRODUCTION

Request No. 1.        All documents pertaining to Ms. Anchondo, including but not limited to:

    a.    correspondence;
    b.    collection activity logs;
    c.    computerized records;
    d.    data files;
    e.    account histories; and
    f.    payment histories.

Response:    Defendant objects to this request in that it seeks documents which constitute proprietary and confidential information regarding Defendant and its customer and clients and is overly burdensome.  Defendant further objects to this request in that it seeks documents constituting trade secrets and over which Defendant has a reasonable expectation of privacy. Defendant created certain documents after expending a great deal of time and expense and as such, its manuals, policies and procedures are particular to Defendant and constitute protected documents. Defendant has a reasonable expectation of privacy over its corporate documents and Defendant does not make available to the public copies of the document requested by Plaintiff. Defendant further objects to this request in that it requests documents which are protected by the attorney client privilege and attorney work product exemption.  Further and subject to all objections, if any non-privileged documents are specifically referred to in said discovery responses, Defendant will produce same at a mutually agreeable time in Defendant's counsel's office or upon request will make photocopies for Plaintiff's counsel.

Request No. 2.        All documents concerning any account associated with Ms. Anchondo or associated with any identifier associated with Ms. Anchondo, including but not limited to:

    a.    correspondence;
    b.    collection activity logs;
    c.    computerized records;
    d.    data files;
    e.    account histories; and
    f.    payment histories.

Response:    Defendant objects to this request in that it seeks documents which constitute proprietary and confidential information regarding Defendant and its customer and clients and is overly burdensome.  Defendant further objects to this request in that it seeks documents constituting trade secrets and over which Defendant has a reasonable expectation of privacy. Defendant created certain documents after expending a great deal of time and expense and as such, its manuals, policies and procedures are particular to Defendant and constitute protected documents. Defendant has a reasonable expectation of privacy over its corporate documents and Defendant does not make available to the public copies of the document requested by Plaintiff. Defendant further objects to this request in that it requests documents which are protected by the attorney client privilege and attorney work product exemption. Further and subject to all objections, if any non-privileged documents are specifically referred to in said discovery

responses, Defendant will produce same at a mutually agreeable time in Defendant's counsel's office or upon request will make photocopies for Plaintiff's counsel.

<u>Request No. 3.</u>    All documents concerning the Voicemail Message, including but not limited to:

    a.    all documents concerning the creation, editing, approving or authorizing of the Voicemail Message;

    b.    all documents concerning any activity that resulted in the Voicemail Messages left for Ms. Anchondo; and

    c.    all documents pertaining to each account with which ACA, or a service hired by ACA, left the Voicemail Message, where the Voicemail Message was left a telephone number with area code 505 or 575, during the time period beginning February 26, 2007, through the present.

Response:    Defendant objects to this request in that it seeks documents which constitute proprietary and confidential information regarding Defendant and its customer and clients. Defendant further objects to this request in that it seeks documents constituting trade secrets and over which Defendant has a reasonable expectation of privacy. Defendant created certain documents after expending a great deal of time and expense and as such, its manuals, policies and procedures are particular to Defendant and constitute protected documents. Defendant has a reasonable expectation of privacy over its corporate documents and Defendant does not make available to the public copies of the document requested by Plaintiff. Defendant further objects to this request in that as worded, it requires Defendant to violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b) by disclosing information regarding third party debts and debtors.

<u>Request No. 4</u>.    All documents concerning the account referenced by the phrase "reference number 423635", as stated in the Voicemail Message left for Ms. Anchondo.

Response:    Defendant objects to this request in that it seeks documents which constitute proprietary and confidential information regarding Defendant and its customer and clients. Defendant further objects to this request in that it seeks documents constituting trade secrets and over which Defendant has a reasonable expectation of privacy. Defendant created certain documents after expending a great deal of time and expense and as such, its manuals, policies and procedures are particular to Defendant and constitute protected documents. Defendant has a reasonable expectation of privacy over its corporate documents and Defendant does not make available to the public copies of the document requested by Plaintiff. Further and subject to all objections, if any non-privileged documents are specifically referred to in said discovery responses, Defendant will produce same at a mutually agreeable time in Defendant's counsel's office or upon request will make photocopies for Plaintiff's counsel.

<u>Request No. 5.</u>    All documents concerning the account referenced by the phrase "your account", as stated in the Voicemail Messages left for Ms. Anchondo.

Response:    Defendant objects to this request in that it is unnecessarily duplicative of Request No. 4. Defendant objects to this request in that it seeks documents which constitute proprietary and confidential information regarding Defendant and its customer and clients. Defendant further objects to this request in that it seeks documents constituting trade secrets and over which Defendant has a reasonable expectation of privacy. Defendant created certain documents after expending a great deal of time and expense and as such, its manuals, policies and procedures are particular to Defendant and constitute protected documents. Defendant has a reasonable expectation of privacy over its corporate documents and Defendant does not make available to the public copies of the document requested by Plaintiff. Further and subject to all objections, if any non-privileged documents are specifically referred to in said discovery responses, Defendant will produce same at a mutually agreeable time in Defendant's counsel's office or upon request will make photocopies for Plaintiff's counsel.

Request No. 6.    All documents, including any contracts or other agreements, that govern the relationship between ACA and each company hired or contracted by ACA that left the Voicemail Message on ACA's behalf or at its discretion, during the time period beginning February 26, 2007, through the present.

Response:    Defendant objects to this request in that it seeks documents which are irrelevant and immaterial and are not calculated to lead to the discovery of admissible evidence. Defendant objects to this request in that it seeks proprietary and confidential information regarding Defendant and its customers and clients and Defendant's business practices. Defendant has a reasonable expectation of privacy over its corporate documents and Defendant does not make available to the public copies of the document requested by Plaintiff.

Request No. 7.    All documents concerning communications between ACA and the company hired or contracted by ACA that left the Voicemail Message for Ms. Anchondo, where the communication concerns Ms. Anchondo, this lawsuit, or the account associated with Ms. Anchondo that was originated by APX Alarm Security Solutions, Inc.

Response:    Defendant objects to this request in that it seeks documents which are irrelevant and immaterial and are not calculated to lead to the discovery of admissible evidence. Defendant objects to this request in that it seeks proprietary and confidential information regarding Defendant and its customers and clients and Defendant's business practices. Defendant has a reasonable expectation of privacy over its corporate documents and Defendant does not make available to the public copies of the document requested by Plaintiff. Subject to all objections, Defendant is attempting to locate and obtain any responsive, non-privileged documents and will produce same.

Request No. 8.    All documents concerning the process which resulted in ACA leaving, or causing to be left, the Voicemail Messages for Ms. Anchondo.

Response:    Defendant objects to this request in that it seeks documents which constitute proprietary and confidential information regarding Defendant and its customer and clients. Defendant further objects to this request in that it seeks documents constituting trade secrets and over which Defendant has a reasonable expectation of privacy. Defendant created certain

documents after expending a great deal of time and expense and as such, its manuals, policies and procedures are particular to Defendant and constitute protected documents. Defendant has a reasonable expectation of privacy over its corporate documents and Defendant does not make available to the public copies of the document requested by Plaintiff. Further and subject to all objections, if any non-privileged documents are specifically referred to in said discovery responses, Defendant will produce same at a mutually agreeable time in Defendant's counsel's office or upon request will make photocopies for Plaintiff's counsel.

Request No. 9.    All documents, including any contracts or other agreements that govern the relationship between ACA and APX Alarm Security Solutions, Inc.

Response:    Defendant objects to this request in that it seeks documents which are irrelevant and immaterial and are not calculated to lead to the discovery of admissible evidence. Defendant objects to this request in that it seeks proprietary and confidential information regarding Defendant and its customers and clients and Defendant's business practices. Defendant has a reasonable expectation of privacy over its corporate documents and Defendant does not make available to the public copies of the document requested by Plaintiff

Request No. 10.    All documents that show the nature of ACA's interest in the account associated with Ms. Anchondo that was originated by APX Alarm Security Solutions, Inc.

Response:    Defendant objects to this request in that it is unnecessarily duplicative of Request No. 9 and as such, seeks to impose an undue burden upon Defendant. Defendant objects to this request in that it seeks documents which are irrelevant and immaterial and are not calculated to lead to the discovery of admissible evidence. Defendant objects to this request in that it seeks proprietary and confidential information regarding Defendant and its customers and clients and Defendant's business practices. Defendant has a reasonable expectation of privacy over its corporate documents and Defendant does not make available to the public copies of the document requested by Plaintiff

Request. No. 11.    All documents concerning communications between ACA and APX Alarm Security Solutions, Inc. regarding Ms. Anchondo, this lawsuit, or the account associated with Ms. Anchondo that was originated by APX Alarm Security Solutions, Inc.

Response:    Defendant objects to this request in that it seeks documents which are irrelevant and immaterial and are not calculated to lead to the discovery of admissible evidence. Defendant objects to this request in that it seeks proprietary and confidential information regarding Defendant and its customers and clients and Defendant's business practices. Defendant has a reasonable expectation of privacy over its corporate documents and Defendant does not make available to the public copies of the document requested by Plaintiff

Request No. 12.    All documents concerning procedures maintained by ACA to avoid the violations of the FDCPA set forth in the complaint (limited to procedures in place during the Class Period), including but limited to:

    a.    ACA's policies and procedures for identifying itself as the caller in telephone messages it leaves or causes to be left with debtors; and

    b.    ACA's policies and procedures for stating that the message is from a debt collector in telephone messages it leaves or causes to be left with debtors.

Response:   Defendant objects to this request in that it seeks proprietary and confidential information regarding Defendant and Defendant's employees and business practices. Plaintiff's request seeks trade secret information developed by defendant for its internal use and Defendant has taken numerous steps to develop and protect such trade secret information. Defendant has a reasonable expectation of privacy over its corporate documents and Defendant does not make available to the public copies of the document requested by Plaintiff.

Request No. 13.   All documents concerning ACA's procedures for determining whether telephone messages it leaves for consumer debtors (or for determining whether telephone messages that are left for consumer debtors by companies other than ACA that include ACA's telephone number as the call back number) comply with the FDCPA (limited to procedures in place during the Class Period.)

Response:   Defendant objects to this request in that it seeks proprietary and confidential information regarding Defendant and Defendant's employees and business practices. Plaintiff's request seeks trade secret information developed by defendant for its internal use and Defendant has taken numerous steps to develop and protect such trade secret information. Defendant has a reasonable expectation of privacy over its corporate documents and Defendant does not make available to the public copies of the document requested by Plaintiff.

Request No. 14.   All documents concerning legal research performed by ACA or its attorneys, or by outside attorneys at ACA's request or direction, pertaining to whether telephone messages that ACA leaves for consumer debtors (or pertaining to whether telephone messages that are left for consumer debtors by companies other than ACA that include ACA's telephone number as the call back number) comply with the FDCPA.

Response:   Defendant objects to this request in that it seeks to invade the attorney client privilege and attorney work product exemption from discovery since it inquires into the attorney thought process.

Request No. 15.   All documents concerning conferences, training sessions or industry forums in which any employee, owner, or officer of ACA has attended since January 1, 2007, in which any portion of the conference, training session or industry forum concerned leaving telephone messages for consumer debtors.

Response:   Defendant does not believe any responsive documents exist. In the event any documents are located, Defendant will produce same at a mutually agreeable time in Defendant's counsel's office or upon request will make photocopies for Plaintiff's counsel

Request No. 16.   The declaration pages and any amendments concerning any insurance policies that may cover any of the claims alleged in this lawsuit.

*Defendant's Responses to Plaintiff's Request for Production -- Page 7 of 9*

Response:    Defendant believes no responsive documents exist.

Request No. 17.    All exhibits that ACA may introduce or refer to in any proceeding, including but not limited to, any class certification proceeding, in this lawsuit.

Response:    Defendant has not yet determined what exhibits will be introduced, but will timely supplement this information in accordance with the Scheduling Order entered in this case.

Request No. 18.    All documents that ACA utilized, referred to or consulted concerning the net worth figure it provided in response to Interrogatory No. 23.

Response:    Defendant objects to this request in that it seeks documents which are irrelevant and immaterial and are not calculated to lead to the discovery of admissible evidence. This request is further objectionable in that it seeks proprietary and confidential information regarding Defendant's business practices and operations over which Defendant has a reasonable expectation of privacy.

Request No. 19.    All documents that show ACA's net worth at any time in the last three years, including but not limited to:

    a.    ACA's tax returns with all schedules;
    b.    ACA's financial statements, including but not limited to, semiannual and quarterly financial statements;
    c.    ACA's annual reports;
    d.    Audit reports concerning ACA from a certified public accountant; and
    e.    Applications for credit on behalf of ACA.

Response:    Defendant objects to this request in that it seeks documents which are irrelevant and immaterial and are not calculated to lead to the discovery of admissible evidence. This request is further objectionable in that it seeks proprietary and confidential information regarding Defendant's business practices and operations over which Defendant has a reasonable expectation of privacy. Defendant further objects to this request in that it is calculated to harass and oppress Defendant and imposes an undue burden on Defendant.

Request No. 20.    All documents that set forth ACA's ownership, corporate board members, corporate officers and corporate structure at any time in the last five years.

Response:    Defendant objects to this request in that it seeks documents which are irrelevant and immaterial and are not calculated to lead to the discovery of admissible evidence. This request is further objectionable in that it seeks proprietary and confidential information regarding Defendant's business practices and operations over which Defendant has a reasonable expectation of privacy.

Request No. 21.    All documents that show the compensation paid by ACA to its corporate board members and corporate officers at any time in the last five years.

Response:   Defendant objects to this request in that it seeks documents which are irrelevant and immaterial and are not calculated to lead to the discovery of admissible evidence. This request is further objectionable in that it seeks proprietary and confidential information regarding Defendant's business practices and operations over which Defendant has a reasonable expectation of privacy. Defendant further objects to this request in that the time frame is too broad and outside the scope of any relevant time frame in this litigation.

Request No. 22.   All documents that show valuation of ACA's capital stock and/or goodwill at any time in the last five years.

Response:   Defendant objects to this request in that it seeks documents which are irrelevant and immaterial and are not calculated to lead to the discovery of admissible evidence. This request is further objectionable in that it seeks proprietary and confidential information regarding Defendant's business practices and operations over which Defendant has a reasonable expectation of privacy.

Request No. 23.   All documents that govern the relationship between the entity that filed an answer to Ms. Anchondo's complaint in this lawsuit and all other entities that operate under any trade name organized under ACA.

Response:   Defendant objects to this request in that it seeks documents which are irrelevant and immaterial and are not calculated to lead to the discovery of admissible evidence. This request is further objectionable in that it seeks proprietary and confidential information regarding Defendant's business practices and operations over which Defendant has a reasonable expectation of privacy.