## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ELSA ANCHONDO, on behalf of herself and
all others similarly situated,

       Plaintiff,

v.                                    CIV 08-0202 RB/WPL

ANDERSON, CRENSHAW, & ASSOCIATES,
L.L.C.,

       Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's (Ms. Anchondo) Motion to Set Amount and

Conditions of Supersedeas Bond or, Alternately, to Compel Responses to Post-Judgment Discovery

(Doc. 99), filed on March 19, 2010.  Jurisdiction arises under 28 U.S.C. § 1331.  Having considered

the submissions and arguments of counsel, relevant law, and being otherwise fully advised, Ms.

Anchondo's Motion is granted in part.

**I.**     **Background.**

On February 26, 2008, Ms. Anchondo filed this lawsuit as a class action, asserting violations

of the Fair Debt Collection Practices Act and the New Mexico Unfair Practices Act.  (Doc. 1.)  On

April 2, 2009, the parties reached a settlement.  (Doc. 66.)  On July 22, 2009, the Court granted

preliminary approval of the class action settlement and certified a class action pursuant to Federal Rule

of Civil Procedure 23(b)(2) and (3).  (Doc. 71.)  In the Settlement Agreement, ACA agreed to an

injunction, to be included in the final order, prohibiting ACA "from leaving a recorded message during

a telephone call to collect a debt unless the message: (1) identified the call as coming from ACA, a

debt collector; and (2) states that the call is made in an attempt to collect a debt and any information

obtained will be used for that purpose." (*See* Settlement Agreement, Doc. 70, Ex. A.)  Pursuant to the

settlement, each of the sixty-seven class members will be paid $60 and $3,600 will be paid to Ms.

Anchondo.  (*See* Settlement Agreement, Doc. 70, Ex. A.)  Additionally, the parties agreed to submit the issue of Ms. Anchondo's attorneys' fees and costs to the Court if an agreement to an amount could not be reached.  The parties were unable to reach such an agreement.

On November 4, 2009, Ms. Anchondo filed a Motion for Award of Attorney Fees and Costs, requesting attorneys' fees, gross receipts tax, and costs in the total amount of $73,046.51.  (Doc. 79.) In response, ACA contended that the requests were excessive and a total fee award in the neighborhood of $25,000 would be more appropriate.  (Doc. 81 and 82.)  On December 10, 2009, counsel for Ms. Anchondo submitted supplemental declarations seeking an additional $4,324.52 in fees, gross receipts tax, and costs incurred in litigating fees and costs, for a total requested award of $77,371.03.  (Doc. 87.)

On December 16, 2009, the Court held a fairness hearing and approved the Settlement Agreement.  (Doc. 91.)  In a Memorandum Opinion and Order, issued on December 16, 2009, the Court awarded attorneys' fees in the amount of $59,272, plus gross receipts tax of $2,397.04, and costs in the amount of $1,664.48, for a total award of $63,333.52.  (Doc. 89.)  Additionally, on December 16, 2009, the Court issued a Stipulated Final Order Approving Settlement and Dismissal with Prejudice (Final Order), and reserved jurisdiction as to all matters related to administration of the Settlement Agreement.  (Doc. 90.)  The Final Order awarded Ms. Anchondo attorneys' fees and costs in the total amount of $63,333.52.  (*Id.*)

On January 14, 2010, Defendant (ACA) filed a Notice of Appeal with respect to the award of attorneys' fees and costs.  (Doc. 92.)  Thereafter, Ms. Anchondo propounded post-judgment discovery in the form of interrogatories and requests for production.  (Pl. Ex. A.)  ACA neither responded, nor objected, to the discovery requests.  (Pl. Ex. B.)

Ms. Anchondo moves for a order requiring ACA to post a supersedeas bond in the amount of

$126,667.04, which corresponds to double the amount of the fee and cost award.  In the alternative,

Ms. Anchondo seeks an order requiring ACA to fully answer the post-judgment discovery requests

and an order prohibiting ACA from dissipating assets.  ACA opposes the motion, arguing that Ms.

Anchondo's attempt to recover attorneys' fees and costs is premature because the Final Settlement

Date, as defined in the Settlement Agreement and the Final Order, has not been determined.

## II.   Discussion.

Federal Rule of Civil Procedure 62(d) allows a stay of proceedings to enforce a money

judgment during an appeal.  Fed. R. Civ. P. 62(d); *See N.L.R.B.. v. Westphal*, 859 F.2d 818, 819 (9th

Cir. 1988) (holding that automatic stay of Rule 62(d) applies only to monetary awards).  The stay is

effective upon the court's approval of the supersedeas bond.  *Id*.  ACA has not obtained a supersedeas

bond.

"The purpose of a supersedeas bond is to secure an appellee from loss resulting from the stay

of execution . . ."  *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986).  In most

cases, the court sets the amount for the full amount of the judgment, including costs, interest, and

damages for delay.  *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006).  However, the district

court has discretion in setting the amount of the bond and may waive or reduce the bond requirement

when the circumstances are appropriate.  *Olcott v. Del. Flood Co*., 76 F.3d 1538, 1559 (10th Cir.

1996).

The Settlement Agreement states that any attorneys' fees and costs "approved by the Court

shall be paid to Class Counsel within thirty (30) days after the Final Settlement Date or upon Order

of the Court, whichever is later."  (Doc. 70, Ex. A¶ 8.1.)  Additionally, the Final Order defines the

Final Settlement Date as the date the Stipulated Order is affirmed "on appeal or final dismissal of all

such appeals, including petitions for review, rehearing, reargument, mandamus or certiorari."  (Doc.

90.)

Due to the pendency of ACA's appeal, the Final Settlement Date has not been determined. By the terms of the Settlement Agreement, payment of the award of attorneys' fees and costs is not due until thirty days after the Final Settlement Date.  In essence, the parties agreed to stay payment of the attorneys' fee and costs award until the Final Settlement Date.  Under these circumstances, the Court finds that ACA should not be required to post a bond to stay enforcement of the fee and cost award.

Nonetheless, the Court finds that Ms. Anchondo is entitled to post-judgment discovery in aid of the potential execution of her fee and cost award.  Under Federal Rule of Civil Procedure 69(a)(2), a judgment creditor is permitted to obtain discovery from any person in aid of execution of a judgment.  Fed. R. Civ. P. 69(a)(2).  Rule 69(a)(2) provides that the judgment creditor "may obtain discovery from any person - including the judgment debtor-as provided in these rules or by the procedure of the state where the court is located."  *Id*.  "The purpose of post-judgment discovery is to learn information relevant to the existence or transfer of the judgment debtor's assets."  *British Int'l Ins. Co. v. Seguros La Republica*, 200 F.R.D. 586, 589 (W.D. Tex. 2000).

 "The discovery provisions of the Federal Rules of Civil Procedure were designed to afford the parties the right to obtain information pertinent to the pending controversy, and to effectuate that purpose they are to be liberally construed. That basic philosophy applies with equal force whether the information is sought in a pre-trial or in a post-judgment discovery proceeding."  *United States v. McWhirter*, 376 F.2d 102, 106 (5th Cir. 1967).  The broad scope of post-judgment discovery permits a judgment creditor to discover assets of the judgment debtor upon which execution may be made.  *Fed. Deposit Ins. Corp. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995).  Discovery is permitted to find out about assets that have been fraudulently transferred or are otherwise beyond the reach of execution,

4

as well as information which could reasonably lead to the discovery of concealed or fraudulently transferred assets. *See* 12 C. Wright, A. Miller, & R. Marcus, *Federal Practice and Procedure* § 3014 (2d ed. 1997).

Ms. Anchondo's post-judgment interrogatories and requests for production are permitted under Rule 69(a)(2). The information and materials sought are relevant and are not privileged. Moreover, ACA waived any objection to the discovery requests by failing to timely object to them. Considering the broad scope of post-judgment discovery and the history of this case, the Court finds that ACA should respond to Ms. Anchondo's post-judgment interrogatories and requests for production within fourteen days from the date of filing of this Memorandum Opinion and Order. The Court declines to issue an order prohibiting dissipation of assets at this time.

**THEREFORE,**

**IT IS ORDERED** that Ms. Anchondo's Motion to Set Amount and Conditions of Supersedeas Bond or, Alternatively, to Compel Responses to Post-Judgment Discovery (Doc. 99), filed on March 19, 2010, is **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that ACA must respond to Ms. Anchondo's post-judgment interrogatories and requests for production within fourteen days from the date of filing of this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that the motion is otherwise **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**