# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ELSA ANCHONDO, on behalf of herself and
all others similarly situated,

       Plaintiff,

v.                                          CV 08-0202 RB/WPL

ANDERSON, CRENSHAW, & ASSOCIATES,
L.L.C.,

       Defendant.

## ORDER, REPORT, AND RECOMMENDATION

Elsa Anchondo filed a Motion for Sanctions concerning Anderson, Crenshaw & Associates, LLC's (ACA) failure to comply with a court order to respond to Anchondo's post-judgment discovery requests. (Doc. 112.) Anchondo requests that sanctions be entered jointly and severally against ACA, Steven Dunn, counsel for ACA, and Thomas Backal, president of ACA. Briefing on this issue is complete, and on June 16, 2010 I heard testimony from Dunn, Backal and Rob Treinen, counsel for Anchondo.

When a party fails to obey a court order regarding discovery, the court has broad discretion to impose one or more of the sanctions listed in Rule 37(b)(2) or any other sanction it deems appropriate. FED. R. CIV. P. 37(b)(2); *Young v. Office of U.S. Senate Sergeant at Arms*, 217 F.R.D. 61, 65 (D.D.C. 2003). Any sanction imposed must be both "just" and related to the claim at issue in the order to provide discovery. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). The court will require the party, and/or the attorney advising the party, who failed to comply with the court order to pay the reasonable expenses incurred as a result of the failure unless the court finds that the failure to comply was substantially justified or that other circumstances exist that would

make the award unjust. FED. R. CIV. P. 37(b)(2)(C); *Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 79 (S.D.N.Y. 1991). Sanctions may also include payment of a fine. *See United States v. Shaffer Equip. Co.*, 158 F.R.D. 80, 87 (S.D. W. Va. 1994); *Pereira v. Narragansett Fishing Corp.*, 135 F.R.D. 24, 26-27 (D. Mass. 1991); *J.M. Cleminshaw Co. v. City of Norwich*, 93 F.R.D. 338, 351-60 (D. Conn. 1981); *see also* FED. R. CIV. P. 16(f)(1)(C).

Certain facts that relate to Anchondo's Motion are not in dispute. Anchondo served interrogatories and requests for production on ACA on February 1, 2010. ACA did not file any response or objections to the discovery requests by their due date of March 3, 2010. On May 10, 2010 Judge Brack ordered ACA to respond to Anchondo's requests within fourteen days. (Doc. 108 at 5.) ACA admits that it did not do so, and has not responded to the requests yet.

ACA claims that it did not intentionally ignore the court order. According to ACA, it "could not" file the responses because ACA was under financial pressure and "was fighting, unsuccessfully for its corporate existence." (Doc. 116 at 1, 2.) To support this defense, ACA maintains that on March 15, 2010 it signed an agreement with Pepperwood Partners that appointed Pepperwood as interim manager of ACA so that Pepperwood could find a purchaser for ACA. Also on March 15, 2010 ACA signed a letter of intent with Security Acceptance, LLC which contained a provision that prohibited Backal from having access to ACA's documents or operations. (*Id.* at 3.) Security Acceptance ultimately decided not to purchase ACA, and ACA considered filing for bankruptcy but did not. On May 14, 2010 Pepperwood terminated ACA's collection employees and administrative staff and a skeleton staff was left to wind up the company. Subsequently, Strategic Funding Corp. foreclosed on its security interest in all of ACA's assets.

Although Dunn and Backal testified to these facts at the hearing, I do not find either of them to be credible witnesses. Other than a UCC-1 form filed by Strategic Funding Corp, they did not

2

provide any documents to support their version of what has occurred. Further, this is the first time that ACA has asserted it "could not" respond to the discovery requests. On April 16, 2010, when ACA filed its Response to Anchondo's Motion to Compel, ACA did not assert that the letter of intent with Security Acceptance precluded Backal from responding to the requests or that any other reasons precluded ACA from doing so. (Doc. 105.) ACA simply asked that the Court set a date for ACA's responses. (*Id.* at 4.)  Finally, the behavior of Dunn and Backal during an earlier discovery dispute in this case calls their credibility into question.  *See Anchondo v. Anderson, Crenshaw & Assocs.*, 256 F.R.D. 661, 668 (D.N.M. 2009).

Even assuming that ACA's version of the facts is true, these purported facts do not show that ACA could not file responses to the discovery requests. Dunn admitted that he sent the discovery requests to Backal within a few days after they were served on February 1, 2010. Even if Backal was precluded from access to ACA's documents after March 15, 2010, he had more than a month to prepare the responses before the March 15, 2010 letter of intent was signed. Further, other employees of ACA could have prepared the discovery responses, either before or after March 15, 2010. Finally, Backal was not bound by the terms of the letter agreement once Security Acceptance decided not to purchase ACA, so he could have prepared the discovery responses then. ACA has fallen woefully short of showing that it "could not" file responses, that its failure to comply with Judge Brack's Order was substantially justified or that circumstances make an award of sanctions unjust.

Sanctions are appropriately awarded against Dunn and Backal jointly and severally with ACA. Dunn claims that ACA is not his only client, and criticizes Anchondo for not informing the court of the "numerous other collection industry clients" he has (Doc. 116 at 6), but Dunn fails to identify any of these clients. Dunn also claims that the only "unique relationship" he has with ACA

is his zealous representation of ACA in this and other cases. (*Id.*) Yet, even without access to the documents that ACA should have produced, Anchondo has established that Dunn does not maintain a normal attorney-client relationship with ACA and Backal. Dunn maintained his office at the ACA office location. In addition to organizing corporations for Backal, Dunn has served as a director of at least four other corporations with Backal that were dissolved. Also, Dunn has organized two new corporations for Backal in the last nine months. Further, Backal's participation in the obstruction of Anchondo's discovery requests provides a basis for individual sanctions against him. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

It is therefore **ORDERED** that:

1. ACA immediately provide full and complete responses to Anchondo's discovery requests;

2. ACA shall not dissipate any of its assets until and unless allowed to do so by further order of Court;[1] and

3. ACA, Dunn and Backal, jointly and severally, shall pay to Anchondo the sum of $4,213.57 for her expenses, including the attorneys' fees and costs she has incurred in connection with her Motion.

It is **RECOMMENDED** that Judge Brack order ACA, Dunn and Backal, jointly and severally, to pay the Clerk of Court the sum of $500 per day for every day after June 25, 2010 that the discovery responses are not provided.

---

[1] ACA agreed to this request at the hearing held on June 16, 2010.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of this Order, Report, and Recommendation they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Recommendation.  If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE