IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ELSA ANCHONDO, on behalf of herself and
all others similarly situated,**

       **Plaintiff,**

v.                                                              **CIV 08-0202 RB/WPL**

**ANDERSON, CRENSHAW, & ASSOCIATES,
L.L.C.,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Award of Appellate Attorney Fees and Costs (Doc. 121), filed on August 30, 2010, and Plaintiff's Notice of Errata and Amended Motion for Award of Appellate Attorney Fees and Costs (Doc. 124), filed on September 20, 2010. Defendant has not filed a response. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions and arguments of counsel, and being otherwise fully advised, the Court grants this Motion.

**I.    Background.**

On February 26, 2008, Plaintiff Elsa Anchondo filed this lawsuit as a class action, asserting violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") and the New Mexico Unfair Practices Act. (Doc. 1.) On April 2, 2009, the parties reached a settlement. (Doc. 66.) On July 22, 2009, the Court granted preliminary approval of the class action settlement and certified a class action, pursuant to Federal Rule of Civil Procedure 23(b)(2) and (3). (Doc. 71.) In the settlement agreement, the parties agreed to submit the issue of Ms. Anchondo's attorneys' fees and costs to the Court, if an agreement to an amount could not be reached. The parties were unable to reach such an agreement. (*Id.*)

On November 4, 2009, Ms. Anchondo filed a Motion for Award of Attorney Fees and Costs, requesting attorneys' fees, gross receipts tax, and costs in the total amount of $73,046.51. (Doc. 79.) On December 10, 2009, counsel for Ms. Anchondo submitted supplemental declarations seeking an additional $4,324.52 in fees, gross receipts tax, and costs incurred in litigating fees and costs, for a total requested award of $77,371.03. (Doc. 87.) On December 16, 2009, the Court granted the motion in part and awarded Plaintiff attorneys' fees in the amount of $59,272, plus gross receipts tax of $2,397.04, and costs in the amount of $1,664.48, for a total award of $63,333.52. (Doc. 89.)

On January 14, 2010, ACA appealed the award of attorneys' fees and costs. (Doc. 92.) On August 16, 2010, the Tenth Circuit affirmed this Court. *Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 616 F.3d 1098 (10th Cir. 2010). While the matter was pending before the Tenth Circuit Court of Appeals, Ms. Anchondo requested an additional award of fees and costs expended on appeal. *Anchondo*, 616 F.3d at 1107. The Tenth Circuit held that Ms. Anchondo was entitled to fees and costs for the appeal, and remanded the matter to this Court for a determination of an appropriate amount. *Id*. The mandate was filed on September 7, 2010. (Doc. 123.)

On August 30, 2010, Ms. Anchondo filed her Motion for Award of Attorney Fees and Costs, requesting attorneys' fees, costs, and gross receipts tax in the total amount of $11,231.51. (Doc. 121.) On September 20, 2010, counsel for Ms. Anchondo amended her request to $9,310.37 in fees and gross receipts tax. (Doc. 124.) Counsel explained that they inadvertently included fees for attorney O. Randolph Bragg, that did not directly involve the appeal, but rather dealt with other post-judgment matters. (*Id.*) The amended requests reflects the time Mr. Bragg expended on the appeal. (*Id.*) ACA did not file a response.

**II.   Discussion.**

The FDCPA provides that debt collectors who have violated its provisions are liable for any

actual damages sustained, statutory damages, and "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a).  The determination of a reasonable attorney's fee is guided by calculation of the "lodestar" amount.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley*, 461 U.S. at 433.  The lodestar figure is the presumptively reasonable fee, and the court may adjust the lodestar amount upward or downward as necessary.  *Blum v. Stenson*, 465 U.S. 886, 888 (1984).

The first step in calculating the lodestar amount is to determine the prevailing market rate in the community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n. 11; *see also Lippoldt v. Cole*, 468 F.3d 1204, 1224-25 (10th Cir. 2006).  Mr. Rob Treinen requests compensation at the rate of $195.00 per hour.  (Doc. 122.)  Mr. O. Randolph Bragg requests compensation at the rate of $300 per hour.  (*Id.*)  These are the same rates that this Court previously found to be reasonable for these attorneys.  (Doc. 89.)  The rates were not challenged on appeal.  Accordingly, the Court finds that $195.00 is a reasonable hourly rate for Mr. Treinen and $300 is a reasonable hourly rate for Mr. Bragg.

After determining the reasonable hourly rates, the Court must determine whether counsel has exercised billing judgment with respect to the claimed number of hours worked.  *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998).  Counsel must make a "good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude hours from his fee submission." *Hensley*, 461 U.S. at 434.

Mr. Treinen expended a total of 27.8 hours and Mr. Bragg expended a total of 11.7 hours in the representation of Ms. Anchondo on appeal. The Court has reviewed carefully the detailed billing

records submitted by both Mr. Treinen and Mr. Bragg. The billing records demonstrate that counsel exercised appropriate billing judgment and avoided duplicative efforts. The Court finds that the number of hours expended on this litigation is reasonable.

The lodestar amount is calculated in the following chart:

| Name | Hours | Rate | Fee |
| --- | --- | --- | --- |
| Rob Treinen | 27.8 | $195 | $5,421 |
| O. Randolph Bragg | 11.7 | $300 | $3,510 |
| Total: | | | $8,931 |

The Court finds that neither an upward nor a downward adjustment of the lodestar amount is necessary under the circumstances of this case. *Blum v. Stenson*, 465 U.S. at 888.

Mr. Treinen requests to be reimbursement for gross receipts taxes. The Tenth Circuit has endorsed an award of gross receipts tax on fees awarded to New Mexico counsel. *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986). The gross receipts tax rate for Albuquerque, New Mexico is 7.0 percent, which equates to $379.47. Accordingly, Ms. Anchondo is awarded $379.47 in gross receipts tax, for a total award of $9,310.47.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Award of Appellate Attorney Fees and Costs (Doc. 121), filed on August 30, 2010, as modified by Plaintiff's Notice of Errata and Amended Motion for Award of Appellate Attorney Fees and Costs (Doc. 124), filed on September 20, 2010, is **GRANTED.** Plaintiff is awarded attorneys' fees in the amount of $8,931.00, plus gross receipts tax of $379.47, for a total award of $9,310.47.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**