IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ELSA ANCHONDO, on behalf of herself and all others similarly situated, § § § | |
| Plaintiff, § § | |
| vs. § § | CIVIL ACTION NO. 1:08-CV-202-RB-WPL |
| ANDERSON, CRENSHAW & ASSOCIATES, L.L.C., § § § § | |
| Defendant. § | |

OBJECTION TO PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Thomas Backal ("Backal") pursuant to 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(b) submits the following objections to the Proposed Findings and Recommended Disposition issued by the United States Magistrate William P. Lynch ("the Magistrate" on September 29, 2011 (Doc. 144) as follows:

Relevant Background

This case was an FDCPA case in which Plaintiff's sole claim was that a voicemail message left by Anderson, Crenshaw & Associates, LLC ("ACA") constituted a technical violation of the FDCPA by not disclosing that Defendant was a debt collector. Plaintiff brought this case as a class action case.

In late 2009, the parties entered into a settlement agreement regarding all issues save and except for attorney's fees. The parties briefed Plaintiff's request for attorney's fees and on December 16, 2009, this Court entered an order regarding an award of said fees. ACA unsuccessfully appealed the order.

Thereafter, ACA filed a petition in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division on October 17, 2010, pursuant to Title 11, Chapter 7, United States Code, initiating bankruptcy case number 3:10-bk-37307.

Plaintiff did not file a proof of claim in ACA's bankruptcy. Plaintiff did not file a Motion to Determine Non-Dischargeability of Debt.

Instead and despite the fact that neither Backal, as ACA's CEO, nor Steven R. Dunn ("Dunn") as its attorney in this case, were named as party defendants in this case, Plaintiff is attempting to hold Backal and Dunn liable to the terms of the settlement agreement that ACA exclusively entered into and enforce a contract against a non-signatory to said agreement. Plaintiff's basis for this request is that ACA did not report this claim to National Union Fire Insurance Company.

After conducting a hearing, the Magistrate entered his Proposed Findings and Recommended Disposition on September 29, 2011. Backal herein objects to the Proposed Findings as follows.

Standard of Review

The review of a Magistrate's Report and Recommendation is governed by settled and familiar standards. The magistrate only makes a recommendation to the district court. The district court must consider the actual testimony and other evidence in the record and not merely review the magistrate's report and recommendations. *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996). In order to conduct a de novo review a court "should make an independent determination of the issues ...; [it] 'is not to give any special weight to the [prior] determination'...." *United States v. First City Nat. Bank,* 386 U.S. 361, 368, 87 S.Ct. 1088, 1093, 18 L.Ed.2d 151 (1967).

The District Judge has the final decision on the report and "may accept, reject or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge." 28 U.S.C. § 636(b)(1).

When a party files timely written objections to a magistrate judge's report, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. 636(b)(1)(C); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir.1991)("De novo review is statutorily and constitutionally required....").

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute. *United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known as: 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1059 (10th Cir. 1996) *citing Thomas v. Arn,* 474 U.S. 140, 147 (1985). It also requires the district judge to consider "an issue as if it had not been decided previously" including the consideration of all arguments directed to that issue regardless of whether they were raised before the magistrate." *United States v. George,* 971 F.2d 1113, 1118 (4th Cir. 1992).

Objections

Guided by the above standards, Backal sets forth the following objections to the Magistrate's Proposed Findings and Recommended Disposition:

**Objection No. 1.** <u>Backal objects to the Magistrate's conclusion that "It is appropriate to proceed under the court's inherent powers because the sanctions available under the Federal Rules of Civil Procedure are not adequate…" since: (1). This standard is not the correct standard in assessing sanctions under the inherent powers of the Court and (2). the Magistrate did not consider any lesser sanctions against Backal.</u>

Federal courts have inherent powers necessary to achieve the orderly and expeditious disposition of their dockets. *Chambers vs. Nasco, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). These powers include the authority to punish for contempt in order to maintain obedience to court orders and the authority to impose reasonable and appropriate sanctions on errant lawyers practicing before the court. *Flaska v. Little River Marine Constr. Co.*, 389 F.2d 885 (5th Cir. 1968), cert. den'd 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968).

Because of the potency of inherent powers and the limited control of their exercise, however, they must be used with great restraint and caution. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980).

The threshold for the use of the inherent power sanction is high. *Reed v. Iowa Marine & Repair Co.*, 16 F.3d 82 (5th Cir. 1994). Such powers may be exercised only if essential to preserve the authority of the court and the sanction chosen must employ " 'the least possible power adequate to the end proposed.' " *Anderson v. Dunn,* 19 U.S. (6 Wheat) 204, 231, 5 L.Ed. 242, (1821), quoted in *Spallone v. United States*, 493 U.S. 265, 280, 110 S.Ct. 625, 635, 107 L.Ed.2d 644 (1990). <u>If there is a reasonable probability that a lesser sanction will have the desired effect, the court must try the less restrictive measure first.</u> *Id.* [emphasis added]

The inherent powers of the Court ". . . may be exercised only if essential to preserve the integrity of the court." *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.,* 46 F.3d 464, 467 (5th Cir. 1996). "Inherent authority is not a broad reservoir of power, ready at an imperial hand, but a limited source; an implied source

squeezed from the need to make the court function." *FDIC v. Maxxim,* 523 F.3d 566, 591 (5th Cir. 2008) (citation omitted).

The district court's discretion to choose a sanction is limited in that the chosen sanction must be both "just" and "related to the particular 'claim' which was at issue in the order to provide discovery." *Insurance Corp. of Ireland v. Comagnie des Bauxites des Guinee,* 456 U.S. 694, 707 (1982).

Before choosing a case determinative disposition such as dismissal as a just sanction, a court should ordinarily consider a number of factors, including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant," *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1465 (10th Cir. 1988)(quoting *Meade,* 841 F.2d at 1521 n. 7 (10th Cir. 1988)); (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, see, e.g., *Willner v. University of Kansas,* 848 F.2d 1023, 1030 (10th Cir. 1988)(*per curiam*), *cert. den'd,* 488 U.S. 1031 (1989); *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) *cert den'd*, 493 U.S. 863 (1989; and (5) the efficacy of lesser sanctions. *See, Ocelot Oil,* 847 F.2d at 1465; *Taylor v. Medtronics, Inc.,* 861 F.2d 980, 986 (6th Cir. 1988).. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Meade,* 841 F.2d 1521 n. 7 (citations omitted).

The Magistrate's Proposed Findings and Recommended Disposition is erroneous and should not be adopted by this Court at all because the Magistrate's report did not set forth what lesser sanctions, if any, the Magistrate considered before ruling upon Anchondo's Second Motion for Sanctions and before assessing against Backal the full

weight of the underlying judgment entered against ACA.  Contrarily, the Magistrate even noted, "Nowhere in her Motion does Anchondo identify a court order directing Backal or Dunn to provide or permit discovery that they failed to obey."  See, Magistrate's Report at p. 7.

Entering judgment against a party or entering another final disposition in a case is a "severe sanction reserved for extreme cases and is only appropriate where lesser sanctions would not serve the ends of justice.  *See, Meade v. Grubbs,* 841 F.2d 1512 (10th Cir. 1988).

The Magistrate did not address what lesser sanctions were available or considered.  Further, the Magistrate did not warn Backal that a dispositive determination could be considered and did not consider any lesser sanctions against Backal.  Other than relying upon the Court's inherent powers, the Magistrate did not set forth the basis for assessing such an extreme monetary award against Backal.

A case dispositive determination, such as default judgment or entry of judgment as a matter of law as sanctions is only appropriate where lesser sanctions have been considered and found inappropriate. *See, In re Rains,* 946 F.2d 731 (10th Cir. 1991); *Meade,* 841 F.2d at 1520.

Although labeled as a "second" Motion for Sanctions, Plaintiff did not previously raise the issue of insurance and the Court did not consider the issue of insurance.  The Magistrate did not previously consider any other sanctions pertaining to the issue of insurance coverage for ACA.

As such, the Proposed Findings and Recommended Disposition *in toto* is erroneous, did not consider lesser sanctions, violates the standards for assessing sanctions under the inherent powers of the court and as such, should not be adopted by this Court.

**Objection No. 2.**   Backal objects to the magistrate's conclusion that "Backal . . . further attempted to deceive the Court; that Backal attempted to deceive both Anchondo and the Court about the existence of the National Union insurance policy; that Backal interfered with the judicial process by misleading the Court regarding the insurance status of ACA during the relevant period; that sanctions are appropriately awarded against Backal because he has actively participated in the deceptive acts; because such findings are against the testimony and evidence presented to the Magistrate.

The background supporting the Magistrate's Report is presumably based upon the Magistrate's mistaken belief that Backal knew ACA had insurance in place and then knowingly and intentionally failed to disclose this information to ACA's attorney and Plaintiffs.

The question not addressed by the Magistrate was what incentive did Backal have for not disclosing that ACA had an errors and omission insurance policy and thereby limit ACA's exposure to the retention amount of $15,000.00?  The Magistrate remarked, "I cannot give much credit to this after-the-fact argument.  Wouldn't it have made economic sense for ACA to check to see if it had insurance coverage, instead of assuming it did not?" (Proposed Findings at p. 5)

With regard to insurance ACA had in place, Backal testified verbally and in a sworn declaration that ACA at various times obtained insurance through an independent insurance agent.  Because of the cost and expense of insurance, there were times when the insurance coverage obtained by ACA lapsed due to non-payment of premiums. (Doc. 135-1 at 2, Doc. 142).

Backal further testified that after he received notification of the *Anchondo* lawsuit

he believed at the time that all insurance coverage had lapsed due to non-payment of premium. (Doc. 135-1 at 2, Doc 142). Both Backal and Dunn testified that Dunn asked Backal whether insurance was in place for the claims made by the plaintiff and Backal responded that there was no insurance in place.

Backal did not intentionally make any misrepresentation regarding insurance coverage. Backal credibly testified that it was not in ACA's best interest to misrepresent that insurance coverage was available. (Doc. 135 at 2; Doc. 142). Since the retention on the insurance policy produced by Plaintiff was $15,000, it made economic sense for ACA to turn over Plaintiff's claims to the insurance company.

The Magistrate attempted to explain this line of reasoning by stating, "Parties often do things in litigation that do not make economic sense such as being uncooperative during the discovery process which increases the attorney's fees claimed by the opposing party." (Proposed Findings at p. 5).

Backal respectfully asserts the Magistrate is attempting to compare apples to oranges. Good faith disputes regarding discovery, disputes which require a defendant to file a Motion to Compel (Doc. 59), recognizing inherent conflicts in statutory language which result in possible legal liability to that party and bringing that to the Court's attention via a constitutional challenge (Doc. 3) are all justifiable, good faith utilization of judicial resources even if such conduct increases costs in a lawsuit.

Similarly, Backal's explanation of his belief that ACA did not have insurance in place while recognizing that it was in ACA's economic best interest for such insurance to have been in place is logical and accurately reflects his good faith belief at the time, that

there was no insurance coverage in place for the claims made by Anchondo.  This is consistent with his communications to ACA's attorney regarding the lack of insurance.

The Magistrate's sanctioning of Backal was improper, was not supported by the evidence or testimony and should not be adopted by the Court.

**Objection No. 3.**   Backal objects to the Magistrate's recommendation that Judge Brack "Sanction Backal and Dunn, jointly and severally, in the amount of $69,477.56 payable to Anchondo and her attorneys.  This figure is computed as follows: $4,020 (67 class members at $60 each, plus $3,600.00 (award to Anchondo), plus $63,333.52 (attorney's fees and costs in district court), plus $4,213.57 (sanctions for First motion for Sanctions), plus $9,310.47 (attorney's fees and costs on appeal), minus $15,000 (ACA's retention under the policy which it cannot pay). 2. Order Backal to provide addresses for the class members.  If Backal does not comply, the undistributed class damages shall be donated to the National Law Center's Cy Pres Program, as provided in the settlement agreement. 3. Order Backal and Dunn, jointly and severally, to play Anchondo $6,985.90 for the attorney's fees and costs she has incurred in connection with pursuing this motion." because such findings are against the great weight of the testimony and evidence presented to the Magistrate.

Backal incorporates herein, his prior Objections 1 – 2 as if set forth verbatim as the basis for objecting to the ultimate recommendation of the Magistrate set forth in his Report at pp. 13 - 14.  The Magistrate's recommendation is erroneous because:

1. The Magistrate's sanctioning Backal was improper since an incorrect standard was used in assessing sanctions under the inherent powers of the Court and the Magistrate did not consider lesser sanctions;

2. There was no evidence that Backal attempted to deceive the Court; Backal did not attempt to deceive either Anchondo or the Court about the existence of the National Union insurance policy; Backal did not interfere with the judicial process by misleading the Court regarding the insurance status of ACA during the relevant period; and sanctions are not appropriately awarded against Backal because he did not actively participate in any deceptive acts;

3. Backal did not attempt to deceive the Court and gave his good faith explanation as to his belief as to the non-existence of insurance coverage at the time the Anchondo claims arose.

There is no caselaw which supports the Magistrate's ultimate recommendation of holding Backal liable for the settlement agreement entered into by ACA or attorney's fees incurred by Plaintiff's counsel. Even the Fifth Circuit case relied upon by the Magistrate, *Crowe v. Smith,* 151 F.3d 217 (5th Cir. 1998) reversed all sanctions imposed upon the parties except for the suspension of the attorney from the practice of law before the Western District of Louisiana for nine months. (thereby utilizing lesser sanctions instead of a dispositive determination of the underlying matter).

The Magistrate erred in not considering lesser sanctions against Backal.

A review of all of the evidence and testimony presented to the Magistrate indicates the Magistrate improperly entered a dispositive determination against Backal.

## Conclusion

For the above and foregoing reasons, the Court should decline to adopt the Magistrate's Proposed Findings and Recommended Disposition (Doc. 144), sustain Backal's objections, and deny Plaintiff's Second Motion for Sanctions. Backal prays for such other and further relief, at law or in equity, to which Backal may be duly entitled.

Respectfully submitted,

/s/ Steven R. Dunn
Steven R. Dunn
Tx. State Bar No.  06252250

North Central Plaza III, Suite 250
12801 North Central Expressway
Dallas, Texas 75243
Telephone (214) 692.5533
Facsimile (214)  692.5534
sdunnfirm@aol.com

                                                  Douglas G. Schneebeck, Esq.
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Bank of America Centre
500 Fourth Street NW
Suite 1000
Albuquerque, NM 87102
505. 848.1800
505. 898.1882 fax

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

       I hereby certify that on October 13, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following persons:

Rob Treinen
300 Central Ave, Suite 2000 East
Albuquerque, NM 87102

Rand Bragg
25 East Washington Street
Suite 900
Chicago, Illinois 60602

                                                  /s/ Steven R. Dunn
                                                  Steven R. Dunn