IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELSA ANCHONDO, on behalf of herself and
all others similarly situated,

       Plaintiff,

v.                                                 CV 08-202 RB/WPL

ANDERSON, CRENSHAW & ASSOCIATES,
LLC,

       Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 144), filed September 29, 2011. The Magistrate Judge concluded that Thomas Backal ("Backal"), CEO of Anderson, Crenshaw & Associates, LLC ("ACA"), and Steven R. Dunn ("Dunn"), corporate counsel for ACA, committed serious misconduct in the course of this litigation. (Doc. 144 at 2.) Relying on the Court's inherent powers, he recommended that the Court sanction Backal and Dunn jointly and severally in the amount of $69,477.56 plus costs and fees payable to Anchondo and her attorneys. (Doc. 144 at 8-9, 13-14.) Dunn and Backal have filed objections to the PFRD (Doc. 145; Doc. 146), and the Plaintiff has responded. (Doc. 147.) Having conducted a *de novo* review, including a careful review of the hearing transcript and the objections to the PFRD, the Court shall affirm and adopt all of the Magistrate Judge's factual findings and legal conclusions.

**1.**     **Backal and Dunn knew that ACA had insurance in place and intentionally and in bad faith failed to report the claim or disclose the insurance coverage.**

Dunn and Backal contend that they had no knowledge of ACA's insurance policy. (Doc. 145 at 6-9; Doc. 146 at 7-9.) The Magistrate Judge thoroughly considered whether ACA had insurance coverage in place and whether Backal and Dunn had knowledge of the insurance, based on all of the evidence and the same arguments by Backal and Dunn. He found that ACA did have insurance when the Plaintiff filed this lawsuit. He further found that Backal and Dunn knew of the coverage and intentionally and in bad faith failed to submit the claim to the insurance company. For the same reasons, this Court likewise concludes that ACA had insurance coverage and that Backal and Dunn's testimony that they did not know about ACA's insurance policy was not credible.

Backal continues to present the argument that it would not make economic sense for ACA to fail to report the claim, thereby limiting ACA's liability to $15,000. (Doc. 146 at 7-8.) The Magistrate Judge correctly noted that parties often take actions in litigation that make little economic sense and that Backal and Dunn have taken many hyper-aggressive actions in this litigation. (Doc. 144 at 6-7, 7 n.2.) Furthermore, the Plaintiff's argument that debt collectors with an insurance policy in place would resist providing such information to plaintiffs in order to prevent increased insurance rates caused by claims against the policy is quite logical. (*See* Doc. 147 at 5 n.4.) That argument is bolstered by Dunn's assertion that "ACA had not made any claims against any insurance policy in litigation defended by Dunn." (Doc. 145 at 9.) It is an established fact that ACA had insurance coverage. (Doc. 132 Ex. B.) It is further established that Dunn represented ACA in numerous other cases. (Doc. 134 at 9-11.) The fact that ACA never made a claim to its insurance company in any of those cases strongly supports the assumption that Backal and Dunn, on behalf of ACA, affirmatively decided that it made economic sense over the long term for ACA to avoid reporting claims against the policy.

Dunn argues that the Magistrate Judge improperly lumped him together with Backal and ACA in attributing knowledge of the policy and responsibility for submitting claims on the policy. (Doc. 147 at 6-9.) Dunn's argument, though, presumes that he had a normal attorney-client relationship with ACA. As discussed below, I find that the Magistrate Judge correctly concluded that Dunn does not maintain a normal attorney-client relationship with ACA and Backal.

**2.   Dunn had a special relationship with ACA and sanctions are properly assessed against him personally.**

Dunn argues that sanctions are not appropriate against him because he was merely ACA's attorney and because he met his ethical obligations. (Doc. 145 at 7-8.) Dunn presents no arguments that were not before the Magistrate Judge, and this Court's *de novo* review has reached the same conclusion.

It does merit note, though, that the Magistrate Judge did not, as Dunn asserts, find that Dunn was a manager of ACA. (*See* Doc. 145 at 8, 10.) Rather, the Magistrate Judge relied on the prior ruling of the Court to find that Dunn did not maintain a normal attorney-client relationship with ACA and Backal. (Doc. 144 at 11.) He went on to describe the document listing Dunn as a "Manager" of ACA and a signatory on ACA's bank account. (*Id.* (citing Doc. 132 Ex. F at 1-2).) The Magistrate Judge acknowledged that Dunn denied serving as a "Manager" but admitted to being a signatory, which he is not for other clients. (*Id.*) The fact that Dunn served as a signatory on ACA's bank account, a role that he does not have with other clients, bolsters this Court's previous conclusion that Dunn's relationship to ACA and Backal extended beyond an ordinary attorney-client relationship.

**3.   It is appropriate to proceed under the Court's inherent powers.**

Dunn and Backal contend that it was improper for the Magistrate Judge to rely on the inherent powers of the Court in recommending sanctions. (Doc. 145 at 4-5; Doc. 146 at 4-5.) However, this is precisely the sort of situation in which the Court's use of its inherent authority is warranted. First, the Magistrate Judge found, and this Court concurs, that Dunn and Backal acted in bad faith in failing to disclose the insurance information to the Plaintiff and the Court, to report the Plaintiff's claim to the insurance company, and to pay the previously ordered fine. A finding of bad faith unlocks the Court's inherent power. *Eagle Hosp. Physicians v. SRG Consulting,, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) (quoting *Barnes v. Dalton,* 158 F.3d 1212, 1214 (11th Cir. 1998)).

Second, case-oriented sanctions are not available in this situation. The Court has found that the fault for the misconduct lies with the responsible individuals, Backal and Dunn, rather than with the Defendant. Moreover, the case has already reached a conclusion.

Finally, some substantial sanction must be imposed for the serious misconduct at issue here. "If primary responsibility for conducting discovery is to continue to rest with the litigants, they must be obliged to act responsibly and avoid abuse." FED. R. CIV. P. 26(g) Advisory Committee Notes (1983 Amendment). *See also In re Am. Airlines*, 972 F.2d 605 (5th Cir.1992) ("[A] district court is obliged to take measures against unethical conduct occurring in connection with any proceeding before it.") (citation and quotation marks omitted). The sanctions imposed must deter future litigants from similarly avoiding the production of insurance information and failing to file a claim. They must also compensate the Plaintiff for the harm done to her and the class by the actions of Backal and Dunn on behalf of ACA.

**4.     Dunn and Backal were warned of the possibility of sanctions.**

Backal argues that the Magistrate Judge failed to warn him "that a dispositive determination

could be considered." (Doc. 146 at 6.) First of all, the Plaintiff's Second Motion for Sanctions warned Backal and Dunn of the sanctions sought. (Doc. 131 at 7-8.) Secondly, though, the sanctions recommended by the Magistrate Judge are not case dispositive. This case has already reached a resolution, so no sanction could be case dispositive. Furthermore, the parties sanctioned are not parties to the action but are the individuals responsible for the misconduct who also had a substantial interest in the litigation. The recommended fine is the amount that the Plaintiff was deprived by Backal and Dunn's bad faith actions plus the prior sanctions amount awarded and the costs and fees associated with the Second Motion for Sanctions. (*See* Doc. 144 at 13-14.) The Magistrate Judge recommended this amount to compensate the Plaintiff for the harm done by Backal and Dunn.

**5.      No lesser sanctions are appropriate against Backal and Dunn for this misconduct.**

Dunn and Backal argue that the Magistrate Judge failed to address whether lesser sanctions would be appropriate. (Doc. 145 at 5-6; Doc. 146 at 5-6.) Express consideration of lesser sanctions is not required to impose monetary sanctions pursuant to the Court's inherent authority, though the sanction imposed must be the least available sanction to adequately punish the culpable party, compensate the non-culpable party, and deter future similar conduct. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980); *Shillitani v. United States*, 384 U.S. 364, 371 (1966).

Monetary sanctions in the amount of $4,213.57 and linguistic sanctions in the form of two opinions that are available on legal research engines and that question the credibility of Dunn and Backal have already been imposed in this case for other misconduct. *See Anchondo v. Anderson, Crenshaw, & Associates, L.L.C.*, No. CV 08-0202, 2010 WL 2517167, at *2, 3 (D.N.M. 2010); *Anchondo v. Anderson, Crenshaw, & Associates, L.L.C.*, 256 F.R.D. 661, 668 (D.N.M. 2009). Nonetheless, Backal and Dunn have continued to take actions to deceive the Plaintiff and the Court

and have failed to pay the previous monetary fine in defiance of a court order.

Furthermore, Dunn has stated that he represented ACA in several other cases and never disclosed an insurance policy or reported a claim on that policy. (Doc. 145 at 7, 8, 9.) Logically, then, the Court can only conclude that Dunn and Backal, on behalf of ACA, have committed the same misconduct at issue here in several other cases.

For these reasons, the recommended monetary sanction is the least available sanction to adequately compensate the Plaintiff, punish Dunn and Backal, and deter similar misconduct by future litigants.

**THEREFORE**,

**IT IS ORDERED** that:

1) the Magistrate Judge's Proposed Findings and Recommended Disposition are adopted by the Court;

2) Backal and Dunn, jointly and severally, are sanctioned in the amount of $69,477.56, payable to the Plaintiff and her attorneys, under this Court's inherent powers;

3) Backal is ordered to provide addresses for the class members within thirty (30) days; and

4) Backal and Dunn, jointly and severally, are ordered to pay the Plaintiff $6,985.90 for the costs and fees incurred in connection with this motion.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.