IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELSA ANCHONDO, on behalf of herself and
all others similarly situated,

       Plaintiff,

v.                                          CV 08-0202 RB/WPL

ANDERSON, CRENSHAW, & ASSOCIATES,
L.L.C.,

       Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

    This matter is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition (PFRD), filed September 26, 2012. (Doc. 175) The parties were notified that objections were due within fourteen days of service of the PFRD and that if no objections were filed, no appellate review would be allowed. To this date, no objections have been filed. Accordingly, the PFRD is adopted as an order of the Court.

    The parties agree that Steven Dunn, counsel for Defendant Anderson, Crenshaw, & Associates, L.L.C., has provided full and complete responses to the interrogatories and requests for production in question. (Doc. 177; Doc. 179.) However, the Court takes note of the fact that Dunn sent these responses to the wrong email address for Rob Treinen, counsel for Plaintiff Elsa Anchondo, on October 3, 2012, the deadline set by the Magistrate Judge in his PFRD. (Doc. 179 at 1.) Dunn did not email these responses to Treinen's correct address until October 9, the day after Dunn filed exhibits showing the incorrect contact information and Treinen notified him of the error. (*Id.* at 1-2.) Because it appears that Dunn attempted to comply with the October 3 deadline, and because Dunn immediately provided the necessary responses to Anchondo after being notified of his error, I find him to be in substantial compliance with the Magistrate Judge's

recommended disposition.[1] Accordingly, the Court will not impose further sanctions on Dunn at this time.

The Court orders Dunn to pay Anchondo's attorneys' fees, costs, and expenses incurred in connection with pursuing her Third Motion for Sanctions (Doc. 169). This amount shall include Anchondo's attorneys' fees, costs, and expenses incurred in ascertaining and enforcing Dunn's compliance with the October 3 deadline recommended in the PFRD. Within ten days, Anchondo's counsel must submit an affidavit setting forth these fees, costs, and expenses. Dunn must respond to the reasonableness of the amounts requested within ten days of the filing of such affidavit.

Dunn is advised that any further failure to timely comply with any order of the Court in this case will result in the institution of criminal contempt proceedings.

IT IS SO ORDERED.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

---

[1] Anchondo points out that Treinen's correct email address appears on his letterhead as well as on this lawsuit's PACER listing. (Doc. 179 at 1.) Anchondo also notes that Dunn did not serve a copy of the responses in question to Anchondo's other attorney on October 3, 2012. (*Id.*) Although these facts raise troubling implications, I observe from Anchondo's filings that Dunn appears to have mistakenly attempted to contact Treinen at his outdated email address "repeatedly" in the past. (Doc. 179 Ex. A at 1.) I will therefore attribute Dunn's actions to error — this time. Dunn is on notice that future errors of this nature could raise an inference of purposeful delay.
22

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.