IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELSA ANCHONDO, on behalf of herself and
all others similarly situated,

        Plaintiff,

v.                                                                   CIV 08-0202 RB/WPL

ANDERSON, CRENSHAW, & ASSOCIATES,
L.L.C.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Second Motion for Award of Appellate Attorney Fees and Costs Against Attorney Steven Dunn (Doc. 187), filed on March 5, 2013. No response was filed. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel, and being otherwise fully advised, the Court grants this Motion.

**I.     Background.**

On February 26, 2008, Plaintiff Elsa Anchondo filed this lawsuit as a class action, asserting violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") and the New Mexico Unfair Practices Act. On April 2, 2009, the parties reached a settlement. On July 22, 2009, the Court granted preliminary approval of the class action settlement and certified a class action, pursuant to Federal Rule of Civil Procedure 23(b)(2) and (3). In the settlement agreement, the parties agreed to submit the issue of Ms. Anchondo's attorneys' fees and costs to the Court, if an agreement to an amount could not be reached. The parties were unable to reach such an agreement.

On November 4, 2009, Ms. Anchondo filed a Motion for Award of Attorney Fees and Costs, requesting attorneys' fees, gross receipts tax, and costs in the total amount of $73,046.51.

On December 16, 2009, the Court granted the motion in part and awarded Ms. Anchondo $63,333.52 in attorneys' fees, gross receipts tax, and costs.

On January 14, 2010, ACA appealed the award of attorneys' fees and costs. On August 16, 2010, the Tenth Circuit affirmed this Court. *Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 616 F.3d 1098 (10th Cir. 2010). While the matter was pending before the Tenth Circuit Court of Appeals, Ms. Anchondo requested an additional award of fees and costs expended on appeal. *Anchondo*, 616 F.3d at 1107. The Tenth Circuit held that Ms. Anchondo was entitled to fees and costs for the appeal, and remanded the matter to this Court for a determination of an appropriate amount. On October 19, 2010, the Court awarded Ms. Anchondo $9,310.37 in fees and gross receipts tax. On October 20, 2010, ACA filed a suggestion of bankruptcy.

Ms. Anchondo sought to collect on the judgment. During post-judgment discovery, Ms. Anchondo learned that ACA and its attorney, Steven R. Dunn, had falsely denied that ACA had insurance coverage. ACA's insurer refused to cover the loss because ACA failed to file a timely claim. Ms. Anchondo sought sanctions against Mr. Dunn and Thomas Backal, ACA's president and chief operating officer. The matter was referred to the Honorable William P. Lynch, United States Magistrate Judge. After hearing evidence from the parties, Judge Lynch found that Mr. Dunn and Mr. Backal acted in bad faith to deprive Ms. Anchondo of a potential recovery from the insurer and recommended that, as a sanction for their litigation misconduct, they should pay Ms. Anchondo and her counsel the damages and fees owed by ACA, plus fees and costs. On December 5, 2011, the Court adopted Judge Lynch's findings and recommended disposition and sanctioned Mr. Backal and Mr. Dunn, jointly and severally, in the amount of $69,477.56, plus $6,985.90 in fees and costs. Mr. Dunn and Mr. Backal appealed. Mr. Backal declared bankruptcy and the appeal proceeded as to Mr. Dunn. On February 19, 2013, the Tenth Circuit

affirmed the sanctions against Mr. Dunn, granted Ms. Anchondo's request for appellate attorney fees and remanded for this Court to determine an appropriate amount. On March 5, 2013, Ms. Anchondo filed the instant motion. No response was filed.

## II. Discussion.

The FDCPA provides that debt collectors who have violated its provisions are liable for any actual damages sustained, statutory damages, and "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a). The determination of a reasonable attorney's fee is guided by calculation of the "lodestar" amount. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The lodestar figure is the presumptively reasonable fee, and the court may adjust the lodestar amount upward or downward as necessary. *Blum v. Stenson*, 465 U.S. 886, 888 (1984).

The first step in calculating the lodestar amount is to determine the prevailing market rate in the community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n. 11; *see also Lippoldt v. Cole*, 468 F.3d 1204, 1224-25 (10th Cir. 2006). Mr. Rob Treinen requests compensation at the rate of $195.00 per hour. Mr. O. Randolph Bragg requests compensation at the rate of $300 per hour. These are the same rates that this Court previously found to be reasonable for these attorneys. (Doc. 89.) Mr. Treinen also seeks compensation at the rate of $115 per hour for his paralegal, Philip Hunteman. The Court earlier approved the same hourly rate for Mr. Bragg's paralegal, Shannon Carter. (*Id.*) The rates were not challenged on appeal. Accordingly, the Court finds that $195.00 is a reasonable hourly rate for Mr. Treinen, $300 is a reasonable hourly rate for Mr. Bragg, and $115 is a reasonable rate for Mr. Hunteman and Ms. Carter.

After determining the reasonable hourly rates, the Court must determine whether counsel has exercised billing judgment with respect to the claimed number of hours worked. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998). Counsel must make a "good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude hours from his fee submission." *Hensley*, 461 U.S. at 434.

Mr. Treinen expended a total of 18.8 hours, Mr. Bragg expended a total of 9.5 hours, Mr. Hunteman expended at total of 5.4 hours, and Ms. Carter expended a total of 0.3 hours in the representation of Ms. Anchondo on appeal. The Court has reviewed carefully the detailed billing records submitted by both Mr. Treinen and Mr. Bragg. The billing records demonstrate that counsel exercised appropriate billing judgment and avoided duplicative efforts. The Court finds that the number of hours expended on this litigation is reasonable.

The lodestar amount is calculated in the following chart:

| Name | Hours | Rate | Fee |
| --- | --- | --- | --- |
| Rob Treinen | 18.8 | $195 | $3,666 |
| O. Randolph Bragg | 9.5 | $300 | $2,850 |
| Philip Hunteman | 5.4 | $115 | $ 621 |
| Shannon Carter | 0.3 | $115 | $ 34.50 |
| Total: | | | $7171.50 |

The Court finds that neither an upward nor a downward adjustment of the lodestar amount is necessary under the circumstances of this case. *Blum*, 465 U.S. at 888.

Mr. Treinen requests reimbursement for gross receipts taxes and costs. The Tenth Circuit has endorsed an award of gross receipts tax on fees awarded to New Mexico counsel. *See Mares*

*v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986).  Accordingly, Ms. Anchondo is awarded $296 in gross receipts tax and $103.45 in costs, for a total award of $7,570.95.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Second Motion for Award of Appellate Attorney Fees and Costs Against Attorney Steven Dunn (Doc. 187), filed on March 5, 2013, is **GRANTED.** Plaintiff is awarded attorneys' fees in the amount of $7171.50, plus gross receipts tax of $296, plus costs of $103.45, for a total award of $7,570.95.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**